1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
WESTERN WORLD INSURANCE       )
COMPANY, a New Hampshire Stock )   No. CIV 06-2360 PHX RCB
Company,                      )
                              )
          Plaintiff,          )        O R D E R
                              )
     vs.                      )
                              )
YADIRA RAMIREZ, a married     )
woman, et al.,                )
                              )
          Defendants.         )
_____)
```

This matter arises out of an action filed by Plaintiff Western World Insurance Company pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., seeking the resolution of legal questions implicated in related personal injury and insurance coverage disputes that have apparently been pending in the state courts. Compl. (doc. # 1). Plaintiff's complaint attempts to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332. Id. Having carefully reviewed the matter, it occurs to the Court that Plaintiff's complaint should be dismissed because Plaintiff, by failing to properly allege the citizenship of all parties, has not

sufficiently pleaded the basis for invoking diversity jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss any action over which it appears to lack jurisdiction.  The subject matter jurisdiction of the federal district courts is defined by Congress.  U.S. Const. art. III, § 1; <u>Livingston v. Story</u>, 34 U.S. (9 Pet.) 632, 656 (1835).  Although a claim for relief must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends," <u>see</u> Fed. R. Civ. P. 8(a)(1), the Ninth Circuit has held that, where the statements in the complaint are sufficient for the district court to recognize that it has jurisdiction, the particular congressional statute conferring jurisdiction need not be specifically pleaded.  <u>Aquirre v. Auto. Teamsters</u>, 633 F.2d 168, 174 (9th Cir. 1980).

The diversity jurisdiction of the federal courts exists in all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  A party seeking to invoke diversity jurisdiction need only allege-- not prove-- the actual citizenship of the relevant parties such that the district court may determine whether there exists complete diversity.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001); <u>Shaw v. Quincy Mining Co.</u>, 145 U.S. 444, 447 (1892).  In <u>Kanter</u>, the Ninth Circuit explained the simple allegations needed to establish a natural person's state of citizenship:

> To be a citizen of a state, a natural person must first be a citizen of the United States. . . . . <u>The natural person's state citizenship is then determined by her state of domicile, not her state of residence.</u>  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . . <u>A person residing in a given state is not necessarily</u>

-2-

1    <u>domiciled there, and thus is not necessarily a
     citizen of that state.</u>

<u>Kanter</u>, 265 F.3d at 857 (citations omitted) (emphasis added).  The distinction between domicile and residence is an uncontroversial principle to which the Supreme Court has spoken long ago:

> . . . [A]n averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State, which was the fact on which the jurisdiction depended under the provisions of the Constitution and of the Judiciary Act.

<u>Shaw</u>, 145 U.S. at 447 (1892).

In the case at hand, it is apparent from the face of the complaint that Plaintiff seeks to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  <u>See</u> Compl. (doc. # 1) ¶ 18.  However, the Court need not look beyond the second page of the complaint to see the deficiency of the jurisdictional allegations.  As to the citizenship of the individual Defendants, Plaintiff avers they are "resident[s] of Yuma County, Arizona."  <u>Id.</u> ¶¶ 2-4, 6.  These allegations are defective for two reasons.

First, the complaint does not speak to the citizenship of the parties at the time this action was commenced.  It is well settled that allegations invoking diversity jurisdiction must show that complete diversity existed at the time the action was filed.  <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428 (1991); <u>see also</u> <u>Smith v. Sperling</u>, 354 U.S. 91, 93, n. 1  (1957) (federal jurisdiction depends on facts in existence at the time the complaint is filed).

1    Second, the amended complaint merely alleges the Defendants'
2 state of residence and not their state of domicile or citizenship.
3 In the absence of an affirmative allegation of Defendants' state of
4 domicile at the time of the filing of this action, the Court cannot
5 simply assume their state of citizenship based on where they reside
6 or have resided.  Because the record is devoid of facts supporting
7 diversity jurisdiction, this case should be dismissed.
8    The Court is mindful that "[d]efective allegations of
9 jurisdiction may be amended, upon terms, in the trial or appellate
10 courts."  28 U.S.C. § 1653; see also Snell v. Cleveland, Inc., 316
11 F.3d 822, 828 (9th Cir. 2002) ("The primary purpose of section 1653
12 is to permit correction of incorrect statements about extant
13 jurisdiction.").  Moreover, a responsive pleading not having been
14 filed yet, the Court recognizes that Plaintiff may, as a matter of
15 course, choose to file an amended complaint pursuant to Rule 15(a)
16 of the Federal Rules of Civil Procedure to cure the defective
17 jurisdictional allegations.  Alternatively, if Plaintiff still
18 believes that the jurisdictional allegations of its original
19 complaint are sufficient, notwithstanding the concerns raised in
20 this order, the Court will allow Plaintiff 10 (ten) days within the
21 date of entry of this order within which to serve and file a
22 memorandum of law, if it so chooses, setting forth the reasons in
23 support of its position.
24    Finally, the Court acknowledges that it currently has before
25 it two motions to dismiss filed by Defendants on February 1, 2007
26 (doc. ## 8-9).  However, the Court is not at liberty to proceed on
27 the basis of hypothetical jurisdiction to reach the merits of those
28 motions.  See Steel Co. v. Citizens for a Better Env't, 523 U.S.

83, 94-95.  Those motions will therefore remain under advisement pending Plaintiff's decision to amend its complaint, file a memorandum of law in support of its original complaint, or await the dismissal of this action without prejudice to its right of seeking relief in an appropriate court.  Therefore,

IT IS ORDERED allowing Plaintiff 10 (ten) days within the date of entry of this order within which to serve and file a memorandum of law, if it so chooses, setting forth any reasons why its original complaint should not be dismissed for failure to adequately plead the jurisdictional allegations of subject matter jurisdiction.  If Plaintiff does not file such memorandum of law, and does not amend its complaint within the 10 (ten) days allotted for that purpose, Plaintiff's complaint (doc. # 1) will be dismissed without prejudice to its right of seeking relief in an appropriate court.

DATED this 26th day of June, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record