**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, a New Hampshire Stock Company, | No. CIV 06-2360 PHX RCB |
| Plaintiff, | O R D E R |
| vs. |  |
| YADIRA RAMIREZ, a married woman, et al., |  |
| Defendants. |  |

This matter arises out of an action filed by Plaintiff Western World Insurance Company ("Western World") pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., seeking the resolution of legal questions implicated in related personal injury and bad faith actions pending at the Superior Court of Arizona in Yuma County. Compl. (doc. # 1). Currently before this Court are two motions to dismiss (doc. ## 8, 22) filed by Defendants Yadira Ramirez, Alberto Ramirez, Kevin Ramirez, and Beyanira Ramirez (the "Ramirez Defendants") and a motion to dismiss (doc. # 9) filed by Defendant A Affordable Transportation, LLC and Ricky William Rojas

("Affordable" or the "Affordable Defendants").[1] The motions have been fully briefed. See Resp. (doc. ## 12-13); Reply (doc. ## 15-16). Having carefully considered the arguments raised, the Court now rules.

**I. BACKGROUND**

In review of a motion to dismiss, all allegations of material fact in the complaint are accepted as true, with all reasonable inferences drawn in favor of the nonmoving party. Keams v. Tempe Technical Inst., Inc., 39 F.3d 222, 224 (9th Cir. 1994); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). The facts for purposes of these motions are as follows:

Affordable is an Arizona limited liability company engaged in the transportation business. Am. Compl. (doc. # 1) ¶ 5. Its fleet is insured under a policy of liability coverage issued by Western World on May 30, 2003. Id. ¶¶ 8-9. The insurance coverage extends only to those vehicles listed on and not removed from the policy. Id. ¶ 9. On June 9, 2003, Affordable listed a 1989 Chevrolet on the policy, which was later removed from the policy on July 22,

---

[1] The Ramirez Defendants' second motion to dismiss (doc. # 22) is directed at Western World's first amended complaint (doc. # 21), and reiterates essentially the same arguments verbatim from its original motion to dismiss (doc. # 8). This is appropriate and understandable given that Western World's first amended complaint (doc. # 21) cured only the defective jurisdictional allegations to which it was alerted by the Court without altering any of the substantive allegations or claims for relief. Because the Court previously advised the parties that the original motions to dismiss would be kept under advisement pending Western World's decision to amend its complaint to cure its jurisdictional allegations, and the complaint as amended has not introduced any new material allegations or claims, the Court will consider the original motions to dismiss (doc. ## 8-9) as directed toward the amended complaint.

2003.  Id. ¶¶ 10-11.

On November 16, 2003, Defendant Rojas, an employee of Affordable, was involved in a traffic accident while driving the 1989 Chevrolet.  Id. ¶ 13.  The Ramirez Defendants, claiming injury from that accident, filed suit against Affordable and its driver in the Superior Court of Arizona in Yuma County on February 7, 2005.  See id. ¶ 14; see also Ramirez v. Rojas, S-1400-CV-200500102 (Super. Ct. Ariz. Feb. 7, 2005).  Western World filed this declaratory judgment action on October 3, 2006 for an order declaring (1) that it has no obligation to defend or indemnify Affordable in that action and (2) that it is not liable to the Ramirez Defendants for their losses resulting from the accident.  Compl. (doc. # 1).  Then, on February 2, 2007, Affordable filed a bad faith action against Western World in the Superior Court of Arizona in Yuma County due to the latter's denial of coverage.  See A-Affordable Transp. Co. v. Western World Ins. Co., S-1400-CV-200700138 (Super. Ct. Ariz. Feb. 2, 2007).  Affordable's bad faith action is pending before the same judge who has presided over the Ramirez Defendants' personal injury action.[2]

. . .

---

[2] Ordinarily, matters outside the pleadings may not be considered on a Rule 12(b)(6) motion unless the motion is to be treated as one for summary judgment and disposed of as provided in Rule 56.  See Fed. R. Civ. P. 12(b).  However, under Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice of "matters of public record" outside the pleadings without converting a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes judicial notice of the state court proceedings as matters of public record having a direct relation to the matters at issue in this case.  Fed. R. Evid. 201; United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

**II.   STANDARD OR REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to seek dismissal of a claim if the claimant failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), "dismissal for failure to state a claim is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1332 (9th Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Factual argument is inappropriate in a Rule 12(b)(6) motion, which tests only the legal sufficiency of the complaint.  Thus, in undertaking its analysis, the court must limit its "review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the [non-movant]."  Id.

**III. DISCUSSION**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  In the present case, jurisdiction is proper under 28 U.S.C. § 1332.  However, the Ramirez Defendants argue that the matter is not ripe and thus fails to present an actual case or controversy suitable for a declaratory relief, or, in the alternative, that the Court should exercise its discretion to decline jurisdiction over this matter on account of pending state court proceedings.  Affordable requests that the Court refrain from hearing this matter for the same reasons, and also maintains that

the suit should be dismissed for Western World's failure to join another insurer as an indispensable party.  The Court turns first to the Ramirez Defendants' Motion to Dismiss.

**A. Ramirez Defendants' Motion to Dismiss**

Western World seeks an order declaring, <u>inter alia</u>, that it has no obligation to defend or indemnify Affordable in connection with the accident, and no obligation to make any payment to the Ramirez Defendants for their losses resulting from the accident. Am. Compl. (doc. # 21) ¶¶ 20-28.  The Ramirez Defendants argue that the matter does not present an actual case or controversy that is ripe for judicial review.  In the alternative, they ask that the Court decline to exercise its discretionary jurisdiction over this matter in consideration of pending state court proceedings.

**1. Ripeness**

The Declaratory Judgment Act's "case of actual controversy" requirement "is identical to Article III's constitutional case or controversy requirement."  <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1994).  As such, declaratory relief may only be sought in a matter that is sufficiently ripe to be constitutionally justiciable.  <u>Id.</u>  The Supreme Court and the Ninth Circuit have frequently held that a declaratory judgment action brought by an insurer solely for the purpose of determining issues of coverage or its duty to defend and indemnify is sufficiently ripe for judicial review-- even when the underlying liability of its insured has not been adjudicated.  See <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273-74 (1941); <u>Am. States Ins. Co.</u>, 15 F.3d at 144; <u>Aetna Cas. & Sur. Co. v. Merritt</u>, 974 F.2d 1196, 1199 (9th Cir. 1992).

In their motion to dismiss, the Ramirez Defendants argue that

1  an insurer may not maintain a declaratory judgment action against
2  an injured party as it might against its insured, relying
3  principally on Connolly v. Great Basin Ins. Co., 6 Ariz. App. 280,
4  431 P.2d 921 (Ct. App. 1967).  Mot. (doc. # 8) at 4-6.  Because the
5  decision of the Court of Appeals of Arizona in Connolly did not
6  deal with the federal Declaratory Judgment Act or the
7  constitutional limitations on the federal judicial power at issue
8  here, the Court does not consider it to be binding or persuasive
9  authority for purposes of the present motion.  Moreover, the
10 Connolly court did not hold that an insurer may never maintain a
11 declaratory judgment action against an injured third party as the
12 Ramirez Defendants suggest.  Rather, the court found that
13 particular action to be inappropriate to the extent that the
14 insurer sought declaratory relief regarding the rights of injured
15 third parties who had neither been joined in that action nor made
16 previous claims on the policy.  See Connolly, 431 P.2d at 926-28.

17     Such is not the case here.  The Ramirez Defendants are parties
18 to this action, have already filed suit against Affordable for
19 their injuries, and, according to Western World's allegations,
20 claim that their losses are covered under Affordable's insurance
21 policy with Western World.  Am. Compl. (doc. # 21) ¶¶ 2-4, 15-16.
22 Under these circumstances, it is apparent under both Arizona law as
23 well as controlling federal law that an actual case or controversy
24 has ripened with respect to the issues of coverage and Western
25 World's contractual duties.  See Connolly, 431 P.2d at 926-28;
26 Brenner v. Aetna Ins. Co., 8 Ariz. App. 272, 445 P.2d 474 (Ct. App.
27 1968); Md. Cas. Co., 312 U.S. at 273-74; Am. States Ins. Co., 15
28 F.3d at 144; Aetna Cas. & Sur. Co., 974 F.2d at 1199.

**2. Discretionary Considerations**

Although the district court may make a declaration of rights when the allegations before it present an actual case or controversy within its jurisdiction, it is not obligated to do so, and retains discretion in determining whether to entertain any request for declaratory relief.  28 U.S.C. § 2201(a); Am. States Ins. Co., 15 F.3d at 143-44.  In exercising this discretion, the district court must "balance concerns of judicial administration, comity, and fairness to the litigants."  Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-95 (1942); Am. States Ins. Co., 15 F.3d at 144 (internal quotations and citation omitted).  While "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," jurisdiction over declaratory actions should be declined if the issues presented may be better resolved by the state court.  Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc); accord Brillhart, 316 U.S. at 495.  In making this determination, the district court may inquire into "the scope of the pending state court proceeding and the nature of defenses open there; . . . whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."  See id.  Ultimately, the district court should exercise its discretion in a manner that will deter forum shopping and avoid duplicative litigation, particularly "needless determination[s] of state law issues."  See Gov't Employees Ins. Co., 133 F.3d at 1225.

All of the parties in this action have availed themselves of

-7-

jurisdiction in the state court and are amenable to process there. This matter arises out of automobile accident that occurred on November 16, 2003 in Yuma, Arizona. Am. Compl. (doc. # 21) ¶ 13-14. The Ramirez Defendants have filed suit against Affordable and its driver in the Superior Court of Arizona in Yuma County. See Ramirez v. Rojas, S-1400-CV-200500102 (Super. Ct. Ariz. Feb. 7, 2005). Affordable has filed a bad faith action against Western World in the same court. See A-Affordable Transp. Co. v. Western World Ins. Co., S-1400-CV-200700138 (Super. Ct. Ariz. Feb. 2, 2007). Affordable's bad faith action is pending before the same judge who has presided over the personal injury action.

     Counsel for both parties argue in their briefs that the other party's allegedly dilatory tactics in the state court proceedings should militate in their favor under the Brillhart factors. See Mot. (doc. # 8) at 8 (decrying delays allegedly caused by Western World's "legal wrangling"); Resp. (doc. # 23) at 4-6 (describing what Western World perceives as "gamesmanship" by the Ramirez Defendants). The Court is not in a position to divine the parties' intentions or speculate as to their state of mind in litigating the personal injury action. It is more important for the purposes of the present motion that the intertwined issues of coverage and duty on which Western World seeks declaratory relief are apt to be resolved in Affordable's bad faith action. It stands to reason that the judge who has presided over the Ramirez Defendants' personal injury action is well acquainted with many of the facts on which Affordable's bad faith action will turn. Rather than address state law issues in the abstract by way of a declaratory judgment, the Court finds that the interests of efficient judicial

administration, comity, and fairness to the litigants will be best served by declining jurisdiction.  This will allow that these questions may be resolved in the context of more concrete claims, e.g., Affordable's bad faith claim, by the state court that is already familiar with the parties and the relevant facts.  Finally, because Western World has not joined any non-discretionary claims with its action for declaratory relief, the Court perceives little danger of piecemeal litigation that would result from declining jurisdiction over this matter.  See Gov't Employees Ins. Co., 133 F.3d at 1225-26.  The Ramirez Defendants' motion to dismiss (doc. # 8) will therefore be granted.

**B. Affordable Defendants' Motion to Dismiss**

Affordable also asks that the Court decline jurisdiction over this action for declaratory relief based on the same discretionary considerations.  Mot. (doc. # 9) at 4-5.  For the reasons explained above, Affordable's motion will be granted.

**IT IS THEREFORE ORDERED** that the Ramirez Defendants' motion to dismiss (doc. # 8) is GRANTED.

IT IS FURTHER ORDERED that the Affordable Defendants' motion to dismiss (doc. # 9) is GRANTED.

IT IS FURTHER ORDERED that the Ramirez Defendants' second motion to dismiss (doc. # 22) is DENIED and dismissed as moot.

IT IS FURTHER ORDERED directing the Clerk of the Court to enter judgment and terminate this action.

DATED this 14th day of August, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

- 9 -

1  Copies to counsel of record